# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

LILLIE A. SMITH                                                                    PLAINTIFF

v.                                        NO. 4:15-CV-00725-KGB-BD

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                           DEFENDANT

## RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker.  You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## REASONING FOR RECOMMENDED DISPOSITION

Lillie Smith applied for social security disability benefits with an alleged onset date of June 15, 2008, and a date last insured of December 31, 2012.  (R. at 84).  After a hearing, the administrative law judge ("ALJ") denied Ms. Smith's application.  (R. at 51). Ms. Smith asked the Appeals Council to review the decision, but her request was denied. (R. at 5).  The ALJ's decision now stands as the final decision of the Commissioner, and Ms. Smith filed this appeal.

I.      **The Commissioner's Decision**

The ALJ found that Ms. Smith had severe impairments, including:  degenerative disk disease, ovarian cysts, prolapsed uterus, and gallstones.  (R. at 44).  The ALJ determined that Ms. Smith retained the residual functional capacity (RFC) to perform sedentary work, with some limits:  she could frequently lift and/or carry less than ten pounds and occasionally ten pounds; sit for six hours in an eight-hour workday; stand and/or walk for at least two hours in an eight-hour workday; and occasionally climb ramps or stairs, balance, crawl, kneel, stoop, and crouch.  (R. at 46).

Ms. Smith's RFC precluded her past relevant work. (R. at 49).  After taking testimony from a vocational expert, the ALJ determined that Ms. Smith could adjust to other jobs existing in significant numbers in the national economy, such as production machine operator, small product assembler, or small product inspector. (R. at 50).  Based on this determination, the ALJ found that Ms. Smith was not disabled. (R. at 51).

II.     **Discussion**

The Court's task is to determine whether substantial evidence supports the Commissioner's findings.  *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000).  "Substantial evidence" is less than a preponderance but more than a mere scintilla; it is "enough that a reasonable mind would find it adequate to support the ALJ's decision."  *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009)(citation omitted).  In performing this analysis, the Court must look to evidence supporting the Commissioner's findings and

also evidence that detracts from the decision.  *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015).

Ms. Smith alleged lupus as a severe impairment. (R. at 63).  She argues, in part, that the ALJ failed to consider lupus as an impairment at all and made no finding as to its medical determinability or severity, and that the ALJ included no limitations related to lupus.

The Commissioner contends that there is no evidence relating to lupus and that the opinion of Ms. Smith's primary care physician dated February 7, 2014,  cannot be considered because this is after her last-insured date. (R. at 712–17).

The Commissioner is wrong.  As Ms. Smith points out, records from December 2012 show a diagnosis of lupus. (R. at 685).  Additionally, although the opinion of Ms. Smith's physician is dated February 7, 2014, the opinion states that Ms. Smith became disabled in 2008, and that the onset of her conditions was in 2005. (R. at 714).  The Appeals Council must consider new and material evidence that relates to the time period for which benefits were denied.  *Bergman v. Apfel*, 207 F.3d 1065, 1069–70 (8th Cir. 2000).  The opinion of Ms. Smith's physician relates to the period for which benefits were denied, as it states an opinion regarding when her symptoms appeared and when they became severely disabling.  Thus, evidence in the record shows that Ms. Smith suffered from lupus during the time she was insured.  That evidence should be considered, and the condition specifically addressed.

Ms. Smith also argues that the ALJ failed to perform a proper credibility analysis. The ALJ found that her testimony was not entirely credible. Ms. Smith maintains that the ALJ did not fully consider pertinent factors in making that determination.

If the record as a whole contains inconsistencies, an ALJ may disbelieve subjective complaints. *Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005). When making a credibility determination, the ALJ must examine: (1) the claimant's daily activities; (2) the duration and intensity of the pain; (3) the precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *Miller v. Sullivan*, 953 F.2d 417, 420 (8th Cir. 1992) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (1984)). It is not enough for the ALJ to discount subjective complaints simply because they lack support in the medical record. *Id.* "When rejecting a claimant's complaints of pain, the ALJ must make an express credibility determination, must detail reasons for discrediting the testimony, must set forth the inconsistencies, and must discuss the *Polaski* factors." *Baker v. Apfel*, 159 F.3d 1140, 1144 (8th Cir. 1998).

The court defers to the ALJ's credibility determination if it is supported by good reasons and substantial evidence. *Turpin v. Colvin*, 750 F.3d 989, 993 (8th Cir. 2014). That said, the ALJ "may not circumvent the rule that objective evidence is not needed to support subjective complaints of pain under the guise of a credibility finding." *Penn v. Sullivan*, 896 F.2d 313, 316 (8th Cir. 1990).

The ALJ's decision in this case provides no credibility analysis. Instead, the ALJ merely concludes that Ms. Smith's testimony is "inconsistent with the medical evidence

4

and not entirely credible." (R. at 48).  The single additional statement relating to Ms.

Smith's credibility is the ALJ's observation that Ms. Smith did not pursue other work

after the person she was caring for passed away in 2008.  (R. at 49).  Additionally, the

ALJ failed to discuss Ms. Smith's daily activities– or any other factors aside from

objective medical evidence– even though Ms. Smith reported very limited activities of

daily living.  (R. at 207–14).  The ALJ ultimately failed to provide good reason for

finding her testimony not to be credible.  Thus, there is not substantial evidence

supporting the ALJ's credibility determination.

## III.   Conclusion

The ALJ did not consider the effects of Ms. Smith's lupus; did not conduct a full

and proper analysis of Ms. Smith's credibility; and failed to articulate good reason for

discrediting her testimony about her symptoms.  For these reasons, the Commissioner's

decision should be REVERSED and REMANDED, with instructions to consider medical

evidence relating to Ms. Smith's diagnosis of lupus, to conduct a proper credibility

analysis, and to further develop the record as necessary.

Dated this 31st day of October, 2016.

_____
UNITED STATES MAGISTRATE JUDGE